UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LUCIANO DE SOUZA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL CHERTOFF, Secretary of U.S. Department of Homeland Security, et al.,<br><br>Defendants. | Civil Action No. 05-10476-MEL |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

**PRELIMINARY STATEMENT**

Plaintiff, Luciano De Souza, a native and citizen of Brazil, brings this suit to compel defendants Michael Chertoff, Secretary, U.S. Department of Homeland Security; Eduardo Aguirre, Jr., Director, U.S. Citizenship and Immigration Services ("USCIS"); and Denis Riordan, Boston District Director, USCIS, to adjudicate his pending Application for Adjustment of Status to Lawful Permanent Resident ("I-485 Application"). Plaintiff alleges that he filed his I-485 Application on or about December 27, 2001, that he was interviewed by a designated agent of the defendants on or about August 6, 2003, and that there has been no decision rendered on his I-485 Application. See First Amended Complaint for Mandamus ¶¶ 7-13. By way of remedy, plaintiff seeks "an order to compel the Defendants and those working under them to adjudicate the Plaintiff's pending application for Adjustment of Status * * *." Id. ¶ 6.

This Court should dismiss plaintiff's First Amended Complaint for Mandamus. Matters solely within the discretion of defendants are not the proper subject of a claim for mandamus relief, and this Court therefore lacks mandamus jurisdiction. Moreover, because it is unclear

whether plaintiff meets the statutory eligibility requirements for an adjustment of status, defendants cannot be said to have "unlawfully withheld or unreasonably delayed" the adjudication of plaintiff's I-485 application under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1). In the alternative, this Court should enter summary judgment in favor of defendants.

## DEFENDANTS' STATEMENT OF MATERIAL FACTS OF RECORD

Pursuant to Local Rule 56.1, defendants Michael Chertoff, Secretary of Homeland Security, et al., hereby provides the following statement of material facts of record as to which there is no genuine issue to be tried.

1. When a person applies to the USCIS for adjustment of status to lawful permanent resident, USCIS conducts several forms of security and background checks to ensure that the alien is eligible for that benefit and that he or she is not a risk to national security or public safety, as well as to ensure that the alien is eligible for the benefit which he or she is seeking. See Exhibit A, Declaration of Denis Riordan ("Riordan Decl.") at p. 1.

2. USCIS also conducts investigations into the bona fides of petitions or applications that have been filed when the need arises, both to maintain the integrity of the application process and to ensure that there is no fraud in the application process. Id.

3. Plaintiff Luciano De Souza is a native and citizen of Brazil who has applied for adjustment to permanent resident status. See First Amended Complaint for Mandamus ¶ 7 & Exhibit 1.

4. On or about December 27, 2001, plaintiff filed an I-485 Application for Adjustment of Status to Lawful Permanent Resident, which was based upon an approved immigrant visa

2

petition ("I-140") that was filed on his behalf by his employer. Id. ¶¶ 8 & Exhibit 2.

5. Plaintiff's current employer, "Papa Razi", filed an Application for Alien Employment Certification with the United States Department of Labor on plaintiff's behalf, which was supported by a document indicating that plaintiff had prior work experience in Brazil as a cook. See Riordan Decl. at pp. 1-2.

6. The Alien Employment Certification was granted by the Department of Labor on August 8, 2001, and filed with the former Immigration and Naturalization Service ("INS") in connection with an employment-based visa petition on September 6, 2001, and the visa petition was subsequently approved by the INS on October 10, 2001. Id. at p. 2.

7. Subsequent to these events, a question has arisen as to whether plaintiff did, in fact, have the necessary work experience in Brazil to qualify him for the labor certification granted by the Department of Labor. Id.

8. On August 9, 2005, USCIS sought information, through diplomatic channels, to determine whether plaintiff had the necessary work experience in Brazil that would qualify him for the labor certification granted by the Department of Labor. Id.

9. As of August 12, 2005, the requested information relevant to the investigation has not yet been obtained. Id.

### STATUTORY AND REGULATORY BACKGROUND

Prior to 1952, aliens who desired to become permanent residents were required "to leave the country and apply for an immigrant visa at a consulate abroad." Elkins v. Moreno, 435 U.S. 647, 667 (1978); accord Randall v. Meese, 854 F.2d 472, 473 (D.C. Cir. 1988) ("[T]o achieve reclassification from nonimmigrant to permanent resident status, [an] alien had to leave the

country and, in the ordinary course, apply to a United States consular officer abroad for an immigrant visa.") (citations omitted). In enacting the Immigration and Nationality Act of 1952 ("INA"), Congress recognized that there were "aliens in this country in nonimmigrant status who could show they qualified for immigrant status and who wished to avoid a costly trip out of the country merely to obtain a visa." Chen v. INS, 11 F.3d 925, 928 (9th Cir. 1993). In particular, Congress, in section 245 of the INA, created a mechanism for eligible aliens to seek a discretionary adjustment of immigration status to that of a lawful permanent resident of the United States. See 8 U.S.C. § 1255(a).

Under section 245 of the INA, the Attorney General has discretion to adjust the status of an eligible alien already present in the country provided that several prerequisites have been met: (1) he or she must have been "inspected and admitted or paroled" into the United States; (2) he or she must have submitted an application for adjustment of status; (3) an immigrant visa must be "immediately available" to the alien at the time the adjustment application is filed; and (4) he or she must be "admissible to the United States for permanent residence." 8 U.S.C. §1255(a). In addition, an adjustment applicant must also demonstrate that he meets the relief in the exercise of the Attorney General's discretion. See 8 U.S.C. § 1255(a); accord Elkins, 435 U.S. at 667 ("[A]djustment of status is a matter of grace, not right.").

When a person applies to the USCIS for adjustment of status to lawful permanent resident, USCIS conducts several forms of security and background checks to ensure that the alien is eligible for that benefit and that he or she is not a risk to national security or public safety, as well as to ensure that the alien is eligible for the benefit which he or she is seeking. See Riordan Decl. at 1. USCIS also conducts investigations into the bona fides of petitions or

applications that have been filed when the need arises, both to maintain the integrity of the application process and to ensure that there is no fraud in the application process. Id.

## FACTS AND PROCEEDINGS

Plaintiff claims that, on or about December 27, 2001, he filed an I-485 Application for Adjustment of Status to Lawful Permanent Resident. First Amended Complaint for Mandamus ¶ 7 & Exhibit 1. Plaintiff claims that his I-485 Application was based upon an approved immigrant visa petition ("I-140"). Id. ¶ 8 & Exhibit 2. Plaintiff alleges that, on or about August 6, 2003, he was interviewed by an agent of the USCIS on his application. Id. ¶ 9. Plaintiff further alleges that, as of this date, there has been no decision on his I-485 Application. Id. ¶ 11.

Plaintiff's I-485 application is based on an approved employment-based visa petition as a skilled worker (cook), that was filed by plaintiff's current employer, Papa Razi. See Riordan Decl. at p. 1. Papa Razi also filed an Application for Alien Employment Certification with the United States Department of Labor on plaintiff's behalf, which was supported by a document indicating that plaintiff had prior work experience in Brazil as a cook. Id. at pp. 1-2. The Alien Employment Certification was granted by the Department of Labor on August 8, 2001, and filed with the former Immigration and Naturalization Service ("INS") in connection with an employment-based visa petition on September 6, 2001, and the visa petition was subsequently approved by the INS on October 10, 2001. Id. at 2. Subsequent to these events, a question has arisen as to whether plaintiff did, in fact, have the necessary work experience in Brazil to qualify him for the labor certification granted by the Department of Labor. Id. On August 9, 2005, USCIS sought information, through diplomatic channels, to determine whether plaintiff had the necessary work experience in Brazil that would qualify him for the labor certification granted by

the Department of Labor. Id. As of August 12, 2005, the requested information relevant to the investigation had not yet been obtained. Id.

## ARGUMENT

### I. THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIM FOR MANDAMUS

"Jurisdiction is, of necessity, the first issue for an Article III court,'" DSMC Inc. v. Convera Corp., 349 F.3d 679, 682 (D.C. Cir. 2003) (emphasis supplied) (quoting Tuck v. Pan American Health Org., 668 F.2d 547, 549 (D.C. Cir. 1981)), and it is well-established that "federal courts are not at liberty to overlook limitations on their subject matter jurisdiction." Francis v. Goodman, 81 F.3d 5, 8 (1st Cir. 1996); accord Steel Co. v. Citizens for a Better Environment, 523 U.S. 83 (1998). In this case, plaintiff asserts that jurisdiction lies under the federal question statute, 28 U.S.C. § 1331, the mandamus statute, 28 U.S.C. § 1361, and the APA, 5 U.S.C. §551 et seq.. As we now demonstrate, this Court lacks jurisdiction.

#### 1. Mandamus Jurisdiction

"The extraordinary remedy of mandamus under 28 U.S.C. § 1361 will issue only to compel the performance of 'a clear nondiscretionary duty.'" Pittston Coal Group v. Sebben, 488 U.S. 105, 121 (1988) (quoting Heckler v. Ringer, 466 U.S. 602, 616 (1984)). In this case, jurisdiction under the mandamus statute is lacking in this case because "matters solely within the discretion of the INS * * * are not reviewable under * * * 28 U.S.C. §1361." Wan Shih Hsieh v. Kiley, 569 F.2d 1179, 1182 (2nd Cir. 1978). Inasmuch as the ultimate decision whether to grant or deny plaintiff's adjustment application is committed to the discretion of the Attorney General by statute, see 8 U.S.C. § 1255(a), "courts have repeatedly found that mandamus relief is not

6

available for delays in processing applications." Checknan v. McElroy, 313 F. Supp.2d 270, 274 (S.D.N.Y. 2004) (citing Sadowski v. INS, 107 F. Supp.2d 451, 453 (S.D.N.Y. 2000)); accord Saleh v. Ridge, 367 F. Supp.2d 508, 511 (S.D.N.Y. 2005) ("Adjustment of immigration status, however, is a discretionary act, and therefore, [i]n keeping with the plain language [of 8 U.S.C. § 1255(a) ], courts have consistently found mandamus inappropriate in actions based on the government's failure to adjust an applicant's status. The Court therefore lacks subject matter jurisdiction to compel agency action by writ of mandamus in this case.") (internal quotation omitted).[1]

2.  **Jurisdiction under the APA**

Plaintiff also invokes jurisdiction under the APA and the general federal question statute, 28 U.S.C. §1331, and several courts have held that §1331 and the APA vest a court with jurisdiction to consider a claim that the delay in adjudicating an alien's application for adjustment of status or for other relief is unreasonable, so long as that claim is not "patently without merit." See, e.g., Saleh, 367 F. Supp.2d at 511-12 ("Plaintiff's APA section 555 claim has been pending for almost five years by the time the instant Complaint was filed. Under these circumstances, Plaintiff's APA section 555 claim is not patently without merit, and the Court has jurisdiction of Plaintiff's APA claim pursuant to 28 U.S.C. §1331."); Alkenani v. Barrows, 336 F. Supp.2d 652, 656-57 (N.D. Tex. 2005) ("The court therefore concludes that subject matter jurisdiction is proper under the APA and 28 U.S.C. §1331."); Bartolini v. Ashcroft, 226 F.

---

[1]  We are aware of two cases that have reached a contrary result, see Harriott v. Ashcroft, 277 F. Supp.2d 538 (E.D. Pa. 2003); Nyaga v. Ashcroft, 186 F. Supp.2d 1244 (N.D. Ga. 2002), but respectfully submit that they were wrongly decided, for the reasons identified by the several decisions from the Southern District of New York. Consequently, for these reasons, this Court lacks mandamus jurisdiction.

Supp.2d 350, 354 (D. Conn. 2002) (finding that plaintiffs' claim "cannot be said to be patently without merit" and concluding that "subject matter jurisdiction exists based on 28 U.S.C. §1331 in conjunction with 5 U.S.C. §555(b)"); Yu v. Brown, 36 F. Supp.2d 922, 930 (D.N.M. 1999) ("[C]ourts have specifically recognized jurisdiction under §1331 and the APA to hear challenges to INS delays processing visa, LPR, and citizen applications.") (citing cases).

This Court nonetheless lacks jurisdiction under the APA and the general federal question statute at the present time. The APA permits judicial review of agency action "unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). In this case, any delay in the processing of plaintiff's I-485 application is not the result of any inaction or unreasonableness on the part of defendants, but rather is the result of the statutory requirement that plaintiff satisfy the prerequisite an immigrant visa that was "immediately available" to him at the time his I-485 application was filed. See 8 U.S.C. § 1255(a)(3). In this case, the immigrant visa that was obtained by plaintiff was based upon a labor certification issued by the Department of Labor, the bases of which has been called into question, and which USCIS is now investigating. See Riordan Decl. at p. 2. If, in fact, plaintiff did not possess the necessary work experience to qualify him for the labor certification, he would not have been entitled to the visa upon which his I-485 application is based. Id. Only when that investigation is resolved (and presuming that it is resolved in plaintiff's favor) would this Court have jurisdiction under the APA to determine whether defendants have unlawfully withheld or unreasonably delayed the adjudication of plaintiff's I-485 application.[2]

---

[2] If the investigation is not resolved in plaintiff's favor and the application is denied, plaintiff would still have administrative appeal remedies to exhaust before challenging the USCIS determination in this Court.

This conclusion finds support in the recent decision in Danilov v. Aguirre, 370 F. Supp.2d 441 (E.D. Va. 2005). In that case, an alien brought suit to compel action on his application for naturalization. The district court held that it lacked jurisdiction under 8 U.S.C. §1447(b) to consider the alien's claim because the "examination" of the alien would not be completed until the background checks conducted by the Federal Bureau of Investigation were completed. Id. at 443-44. Moreover, and of particular relevance to this case, the district court held that it also did not have jurisdiction under the APA, reasoning that "[t]he APA permits judicial review of agency action 'unlawfully withheld or unreasonably delayed.' Yet here, any delay in the processing of plaintiff's naturalization application was not the result of any inaction or unreasonableness on the part of the governing agency; instead, it was the result of the legal requirement that CIS await receipt of the FBI's completed background investigation before acting on plaintiff's application." Id. at 445 (internal citation omitted). Similarly here, because a question has been raised whether plaintiff meets the statutory eligibility requirements for adjustment of status, defendants cannot be said to have "unlawfully withheld or unreasonably delayed" the adjudication of plaintiff's I-485 application.

## II.   DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT

In the alternative, defendants are entitled to summary judgment. It is well-established that "[t]he burden of proving entitlement [to adjustment of status] rests upon the applicant * * * his proof must be unambiguous * * * and any doubts must be resolved against [him]." Chiu v. U.S. Department of Justice, 706 F.2d 774, 777 (6th Cir. 1983). In this case, USCIS is currently investigating whether plaintiff had the necessary work experience in Brazil to qualify him for the labor certification granted by the Department of Labor, upon which an employment-based visa

9

petition issued by the then-INS was based. See Riordan Decl. at p. 2. As part of that investigation, on August 9, 2005, USCIS sought information, through diplomatic channels, to determine whether plaintiff had the necessary work experience in Brazil that would qualify him for the labor certification granted by the Department of Labor. Id. As of August 12, 2005, the requested information relevant to the investigation has not yet been obtained, and the investigation has not yet been completed. Id. USCIS will promptly take the appropriate steps to adjudicate plaintiff's I-485 application once that investigation is completed. Id.

Under these circumstances, defendants are entitled to summary judgment. As one court has held in similar circumstances in granting a motion to dismiss an action to compel adjudication of an application for adjustment of status:

> The fact that the INS became aware of credible information that Latif had another marriage in Lebanon made the adjudication of Latif's application for adjustment of status an even more complicated matter. The INS is investigating this information through diplomatic channels, and the time it takes to complete the investigation will depend on the time it takes foreign sources to provide the necessary information.
>
> * * *
>
> It is logical for the INS to investigate information about a prior marriage in Lebanon through diplomatic channels, and it is to be expected that such an investigation will result in a significant delay. Thus, accepting as true the plaintiffs' allegations, the facts and circumstances of this case could not support a finding that the defendants are in violation of section 6 of the APA.

Bartolini, 226 F. Supp.2d at 355.

Similarly here, defendants are awaiting information through diplomatic channels regarding whether plaintiff had the necessary work experience in Brazil that would qualify him for the labor certification granted by the Department of Labor, upon which his immigrant visa

was based. If the investigation reveals that plaintiff did not, in fact, have the necessary work experience, he would not have been entitled to the labor certification issued by the Department of Labor and, in turn, would not have been entitled to the immigrant visa issued by the INS. In these circumstances, plaintiff would not satisfy the statutory prerequisite an immigrant visa that was "immediately available" to him at the time his I-485 application was filed. See 8 U.S.C. § 1255(a)(3). Hence, as a matter of law, defendants' investigation of this matter cannot be said to constitute a violation of the APA.

## CONCLUSION

For the foregoing reasons, plaintiff's First Amended Complaint should be dismissed for lack of subject matter jurisdiction. In the alternative, defendants are entitled to summary judgment.

Respectfully submitted,

UNITED STATES OF AMERICA

MICHAEL J. SULLIVAN
United States Attorney

By:   /s/ Anton P. Giedt   8/12/05
Anton P. Giedt
Assistant U.S. Attorneys
1 Courthouse Way
Boston, MA 02210
617-748-3309 (Voice)
617-748-3967 (Fax)
anton.giedt@usdoj.gov

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Undersigned counsel certifies that pursuant to the requirements under Local Rule 7.1(A)(2), he has conferred with Plaintiffs' counsel and that Plaintiff's in an effort to resolve the issues raised in this motion.

/s/ Anton P. Giedt
Anton P. Giedt
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

Suffolk, ss.                                             Boston, Massachusetts
                                                         DATE: August 12, 2005

I, Anton P. Giedt, Assistant U.S. Attorney, do hereby certify that I have this day served a copy of the foregoing upon the Plaintiffs' counsel of record through electronic filing and by first class mail.

/s/ Anton P. Giedt
Anton P. Giedt
Assistant U.S. Attorney

**PLAINTIFFS' COUNSEL:**
Susan E. Zak
180 Canal Street, 4th Floor
P.O. Box 8788
Boston, MA 02114
617-723-4422 (Voice)
617-723-8305 (Fax)
szak@johnkdvorak.com

**AGENCY COUNSEL:**
Henry Hanley
DHS/ICE Office of Regional Counsel

<u>LUCIANO De SOUZA V. MICHAEL CHERTOFF, et al.</u>, Civ. A. No. 05-CV10476-MEL

EXHIBIT A
DECLARATION OF DENNIS RIORDAN

MEMORANDUM OF **LAW** IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
OR, IN THE **ALTERNATIVE,** FOR **SUMMARY** JUDGMENT

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Luciano De Souza

Plaintiff

VS                                              Case No. 05-CV-10476 MEL

Michael Chertoff
Secretary, U.S. Department of Homeland Security

Defendant

I, Denis Riordan, hereby declare:

I am the District Director of the Boston, MA District office for the United States Citizenship and Immigration Services (USCIS) in the Department of Homeland Security (DHS). I oversee the adjudication of applications for benefits including applications for adjustment of status in the Boston District. In my capacity as District Director and based upon reasonable inquiry and my knowledge, information and belief, I declare the following:

1. When a person applies to USCIS for adjustment of status to lawful permanent resident, USCIS conducts several forms of security and background checks to ensure that the alien is eligible for that benefit and that he or she is not a risk to national security or public safety and to ensure that the alien is eligible for the benefit which he/she is seeking. In addition to these background and security checks, USCIS also conducts investigations into the bona fides of each and every petition or application filed with it when the need arises to do so. This is done to maintain the integrity of the application process and to insure that there is no fraud in the application process. In the instant case the subject is seeking to adjust his status to permanent resident based on an approved employment based visa petition as a skilled worker (cook) pursuant to section 203(b)(3)(A)(i)or (ii) of the Immigration and Nationality Act. An employment based visa petition was filed by subject's current employer "Papa Razi" on behalf of the subject. "Papa Razi" also filed an Application for Alien Employment Certification with the United States Department of Labor on behalf of the subject. Said application for Employment Certification was supported by a document indicating that subject had prior work experience in Brazil as a cook. The certification of the Department of Labor was granted on August 8, 2001, This

"labor certification" was filed with an employment based visa petition filed with the Immigration and Naturalization Service by "Papa Razi" on September 6, 2001. Said visa petition was subsequently approved on October 10, 2001. Said approval was necessarily based, in part, on the work experience that subject obtained in Brazil. Subsequent to the aforementioned approval, an issue has arisen as to whether subject had, in fact, had the necessary work experience in Brazil to qualify him for the labor certification granted in his case and the subsequent approval of an employment based visa petition filed on his behalf. USCIS has taken steps, through diplomatic channels, on August 9, 2005, to investigate whether the subject had the necessary work experience in Brazil that qualified him for the aforementioned benefits and to verify his employment as a cook at the Restaurant La Tamboulle S/C LTDA in Sao Paulo, Brazil. At this point, the requested investigation has not been completed. When said investigation is completed USCIS will promptly take the appropriate steps to adjudicate subject's status adjustment application.

I declare under penalty of perjury that, based upon reasonable inquiry and my knowledge, information and belief, the foregoing is true and correct.

Executed on the 10th day of August, 2005 at Boston, MA

_____
Denis Riordan
District Director
U.S. Citizenship and Immigration Services
U.S. Department of Homeland Security
Boston, MA