**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**BOSTON, MASSACHUSETTS**

|  |  |
|---|---|
| | )Civil Action: 05-10476-MEL |
| **LUCIANO DE SOUZA** | ) |
| | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **MICHAEL CHERTOFF** | ) |
| **Secretary,U.S. Department** | ) |
| **of Homeland Security;** | ) |
| **EDUARDO AGUIRRE, JR.** | ) |
| **Director, U.S. Citizenship** | ) |
| **And Immigration Services,** | ) |
| **DENIS RIORDAN, Boston District** | ) |
| **Director, U.S. Citizenship** | ) |
| **and Immigration Services** | ) |
| **Defendants** | ) |
| _____ | ) |

**PLAINTIFF'S OPPOSITION TO**
**DEFENDANTS' MOTION TO DISMISS OR**
**IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

The Plaintiff Luciano De Souza (the "Plaintiff"), by and through his undersigned attorney, hereby submits his opposition to the Defendants', Michael Chertoff, Secretary, U.S. Department of Homeland Security; Eduardo Aguirre, Jr., Director, U.S.Citizenship and Immigration Services ("USCIS"), Denis Riordan, Boston District Director, USCIS (collectively, the "Defendants" or the "Government") Motion to Dismiss or in the Alternative for Summary Judgment

("Defendants' Motion").  In support thereof, the Plaintiff
states as follows.

## FACTS AND PROCEEDINGS

The Plaintiff brings this suit to compel USCIS to
adjudicate his permanent resident application (I-485) (the
Application"), which he filed on December 17, 2001.[1]
Complaint, ¶10. USCIS interviewed the Plaintiff regarding
the Application on August 6, 2003[2], but the interviewing
officer made no decision on the Application.  Complaint,
¶11. Since then, the Plaintiffs sent USCIS repeated oral
and written status inquiries, but USCIS failed to respond
in any manner whatsoever. Complaint,¶12-13.  Accordingly,
the Plaintiff has no other alternative but to bring the
present action whereby he asks the court to compel the
Defendants to perform their duty and adjudicate his
Application.

## GOVERNMENT'S ARGUMENT

In moving to dismiss the Plaintiff's claim, the
Government contends that the adjudication of an I-485
Application is a discretionary act, and, therefore,
mandamus jurisdiction is not proper.  Secondly, it claims
that the Administrative Procedures Act ("APA") does not

---

[1] 8 U.S.C. §1255 allows an alien to seek adjustment of immigration status to that of a legal permanent resident ("LPR") of the United States.
[2] Pursuant to  8 C.F.R. §245.6  "each applicant for adjustment of status under §1255 shall be interviewed by an immigration officer".

vest the Court with jurisdiction because the prolonged
processing delays involved in the case are reasonable.  In
its last attempt to dismiss the Complaint, the Government
contends that even if the Court exercises its jurisdiction
in the matter, it is entitled to summary judgment because
the lengthy four-year delay in processing the Application
does not constitute a violation of the APA as a matter of
law.

<u>ARGUMENT</u>

<u>I. THIS COURT HAS JURISDICTION TO HEAR
PLAINTIFFS' CLAIMS.</u>

The Plaintiff's Compliant alleges that the Court has
subject matter jurisdiction to hear his claims under the
Mandamus Statute, 28 U.S.C. § 1361, 28 U.S.C. §§1331 and 5
U.S.C. 551 *et seq.* (APA).  Each of these statutes confer
jurisdiction upon this court.

Federal courts are courts of limited jurisdiction,
deriving their authority from both constitutional and
legislative sources.  28 U.S.C. §1331.  It is exclusively
the power of Congress to restrict the jurisdiction of
federal courts to adjudicate certain types of cases.  <u>Keene
Corp. v. U.S.</u>, 508 U.S. 200, 207, 113 S.Ct. 2035(1993).
Federal courts will not infer congressional intent to
restrict their jurisdiction.  <u>Block Community Nutrition</u>

Institute, 467 U.S. 340, 104 S.Ct. 2450 (1984). The
presumption in favor of judicial review may only be
rebutted by a showing of clear and convincing evidence that
Congress intended to preclude judicial review. Board of
Governors of the Federal Reserve System v. McCorp Financial
Inc., 502 U.S. 32, 44, 112 S.Ct. 459 (1991). As detailed
below, applying these judicial tenets to the case at bar
reveals that the court has subject matter jurisdiction over
the present matter.

**A. Mandamus Jurisdiction is Proper in the Present Case**

United States District Courts have mandamus
jurisdiction to "compel an officer or employee of the
United States ... to perform a duty owed to the Plaintiff.
28 U.S.C. §1361. Mandamus jurisdiction is properly invoked
when: (1) the plaintiff has a clear right to the relief
sought; (2) the defendant has a clear duty to perform; and
(3) no other adequate remedy is available." Heckler v.
Ringer, 466 U.S. 602, 104 S.Ct. 2013 (1984). As
demonstrated below, the Plaintiff has adequately plead all
three of these requirements.

*1. There is a Clear Right to the Relief Sought*

In the present case, the Plaintiff seeks mandamus to
compel USCIS to adjudicate the application to adjust his

status to that of a permanent resident (I-485)(the "Application") as provided for in 8 U.S.C. §1255.

Although the Plaintiff was unable to locate any decisions from the First Circuit, other Federal Courts that have dealt with the issue have consistently held that, for mandamus jurisdictional purposes, 8 U.S.C. §1255 entitles an applicant for permanent residence a right to adjudication.[3] <u>Paunescu v. INS</u>, 76 F.Supp.2d 896 (N.D.Ill. 1999)(holding that court had mandamus jurisdiction when USCIS failed to adjudicate an I-485 Application); <u>Agbemaple v. INS</u> 1998 WL 292441(N.D.Ill. 1998)(holding mandamus jurisdiction proper when the plaintiff sought to compel an adjudication of an I-485 application after a year had transpired since the USCIS interviewed him on the application)(N.D. Ill.1998); <u>Jaffer v. Reno</u>, 2000 WL 866522 (C.D.Cal.2000)(recognizing that § 1255 provides for a right to adjudication of I-485 Application); *accord* <u>Setharatsomphou v. Reno</u>, 1999 WL 755292 (N.D.Ill. Sept. 27, 1999)(stating that a petitioner has a right to adjudication of his I-485 application); <u>Yu v. Brown</u>, 36 F.Supp.2d 922 (D.N.M. 1999)(holding that the federal regulation promulgated under §1255 makes it clear that USCIS has a

---

[3] The Defendants' Motion confuses the right to an adjudication regardless of the outcome with the discretion the government has in ultimately approving an adjustment of status.

non-discretionary duty to act on I-485 applications);

Nadlar v. INS 737 F.Supp. 658, 659 (D.D.C. 1989)(awarding

attorneys fees under the Equal Access for Justice Act after

the Plaintiff prevailed in a mandamus action that sought to

compel the USCIS to adjudicate his I-485 Application).

Based on the forgoing, the Plaintiff has satisfied the

first requirement for mandamus.

> 2. *The Government Has a Clearly Defined Duty to*
> *Process the Application in a Reasonable Time.*

Although §1255 does not specify a time by which USCIS

must issue a decision, it is well-established that the

government has a duty to adjudicate §1255 within a

reasonable time.  Panunascu, *supra*, 76 F.Supp.2d at

901("government has a non-discretionary duty to issue a

decision on Plaintiffs' application within a reasonable

time") Agbemaple v. I.N.S., 1998 WL 2924411 (holding that

adjudication of applications under §1255 must occur within

a reasonable time) Jaffer v. Reno, 2000 WL 866522

(C.D.Cal.2000)(noting the same) Setharatsomphou v. Reno,

1999 WL 755292 (N.D.Ill.Sept. 27, 1999; Yu v. Brown, 36

F.Supp. 2d 922 (D.N.M. 1999)(establishing that USCIS ad a

non-discretionary duty to process special immigrant

juvenile applications, even though USCIS had discretion in

the ultimate decision whether to grant permanent status).

For instance, in Agbemaple, supra, 1998 WL 292441, the court found mandamus jurisdiction in similar circumstances. There, the plaintiff brought a mandamus action to compel USCIS to adjudicate his I-485 Application.  The application had been filed two (2) years prior to the filing of the complaint and was still pending a year after USCIS conducted the interview.  In finding that mandamus jurisdiction was proper the court noted that "a contrary position, would permit the USCIS to delay indefinitely. Congress could not have intended to authorize potentially interminable delays" 1998 WL 292441 *2.

Similarly, in Yu v. Brown[4], mandamus jurisdiction was found when the plaintiff sought to compel the USCIS by mandamus to adjudicate her application for adjustment, which had been pending for a year.  The court determined mandamus was an appropriate remedy because the Government had a clearly defined duty to process the I-485 application in a reasonable time.

The logic underlying the above-cited cases must be extended to the present case.  The Plaintiff was interviewed on this case in August 2003 – two years ago. In his declaration submitted in support of Defendant's Motion, Denis Riordan, Boston District Director of USCIS,

---

[4] supra, 36 F.Supp.2d  922.

acknowledges that it was only last week – August 9, 2005 --
that USCIS sought to verify the Plaintiff's prior work
experience.  This prolonged delay is inexcusable and must
be placed under judicial review. If the Court declines to
apply the above-referenced cases to the present situation,
it would essentially make USCIS unaccountable for its
actions and grant it a license to shirk its
responsibilities under 8 U.S.C. §1255.

C. *There is No Adequate Remedy Available*

The Plaintiffs have exhausted all of their
administrative remedies in that there is no administrative
remedy for the Government's inaction.  This is not a case
where there was a denial of his application where he would
have had to follow administrative steps to appeal said
decision.  The Government has simply failed to take action
and has ignored repeated requests to adjudicate the matter.
In this situation, "mandamus is the only available remedy
that is sufficiently flexible to afford the Court the
opportunity to rectify government neglect and
dilatoriness."   Harriott v. Ashcroft, 277 Supp.2d 538, 545
(E.D.Pa. 2003)(exercising mandamus jurisdiction when
plaintiff sought adjudication of an application for
derivative citizenship).

### D. Government's Supporting Cases are Clearly Distinguishable

In support of its argument, the Government cites to Checkman v. McElroy, 313 F.Supp.2d 270 (S.D.N.Y. 2004); Sadowski v. INS, 107 F.Supp.2d 451 (S.D.N.Y. 2000); Wan Shih Hsieh v. Kiley, 569 F.2d 1179 (C.A.N.Y. 1978). Its reliance on these cases is misplaced. The cases arise from different sections of the INA, which, arguably, grant USCIS discretion to perform the act specified in the respective sections.[5] In the present case, long-standing case law holds that the Government has a non-discretionary duty to adjudicate applications under §1255. *See supra* at pp 6-7.

---

[5] In Checkman v. McElroy, the Plaintiff sought a writ of mandamus to compel INS to place him in removal proceedings. The court ruled that IRIRIA §309(c)(3), which is the governing statute regarding removal proceedings, conferred complete discretion on the Attorney General regarding whether to place a person in removal proceedings. Id. At 274. Accordingly, the Court ruled that mandamus jurisdiction was improper because the statute involved a discretionary act.

In Sadowski v. INS, 107 F.Supp.2d 451 (S.D.N.Y. 2000), INS had denied the Plaintiff's I-485 application. The Plaintiff then sought a writ of mandamus to protect him from INS purported failure to act in a timely manner on his adjustment of status. The court dismissed the case for lack of jurisdiction. Its holding, however, was predicated on 8 U.S.C.1252(a)(2)(B), which specifically bars judicial review of a §1255 application denial. The present case does not seek review of the Government's denial of the adjustment of status. It seeks just the opposite; an order requiring the Government to process the plaintiff's application. Surely, the Government cannot insulate itself from liability for taking no action.

Wan Shih Hsieh v. Kiley, 569 F.2d 1179, involved a legal permanent resident seeking to compel an overseas consulate, who was employed by the DOS, to issue visas for her children. The court held it did not have mandamus jurisdiction over INS because INS had no duty to conduct an investigation as to whether a visa should be issued to aliens overseas by the State Department.

The only case the Government cites that remotely supports its argument is Saleh v. Ridge, which involved a Plaintiff seeking to compel USCIS to adjudicate his I-485 Application. The relevant application had been pending before the agency for several years. The Saleh court refused to exercise mandamus jurisdiction because it found that the government had no clear, non-discretionary duty to adjudicate adjustment applications. In support of its holding, the court cited to only one case; Vladagina v. Ashcroft, No. 00 Civ. 9456 (DAB), 2002 WL 1162426 at 4 (S.D.N.Y. April 8, 2002).

The Vladagina case, however, arose from a denial of an adjustment application and the plaintiff sought mandamus to compel the government to act favorably on the application. Under these circumstances, the court held that mandamus was inappropriate because the government had denied the application. The underlying rationale of the decision is that §1255 grants the government discretion in the ultimate decision as to who is granted an adjustment of status.

Saleh, however, involved the government failing to adjudicate an application; therefore, Vladagnina is incorrectly cited as a basis of the decision. Accordingly, the logic in the Saleh is fatally flawed and ignores long-standing case law that finds that the government has a non-

discretionary duty to adjudicate adjustment applications under §1255. Based on the foregoing, it should not be relied on as the basis for this Court's decision.

### B. Jurisdiction is Proper Under the APA

Subject matter jurisdiction in this matter is also proper pursuant to the federal question statute, 8 U.S.C. §1331, and the APA. 5 U.S.C. §551 *et seq*. Despite the argument of Defendants to the contrary, the cases cited in their Motion effectively compel this conclusion.

The APA provides that "[a] person suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. §702. Among the agency actions subject to review is "agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(1). While the APA does not independently grant subject matter jurisdiction, the general federal question statute provides that a federal district court shall have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. The interaction of these statues grants a court jurisdiction to review any agency action that is "unlawfully withheld or unreasonably delayed". <u>Bartolini v. Ashcroft</u>, 226 F.Supp.2d 350, 353–54 (D. Conn. 2002).

The courts that have considered this issue have uniformly held that the federal question statute and the APA can grant a district court subject matter jurisdiction to compel an agency action that is unreasonably delayed. See Alkenani v. Barrows, 336 F.Supp.2d 652 (N.D. Texas 2005); Yu, 36 F.Supp.2d at 922. These courts have held that jurisdiction is proper in those situations where the plaintiff's claim is not "patently without merit". Bartolini 226 F.Supp.2d at 354 (D. Conn. 2002). "The test for determining whether a claim is 'patently without merit' is 'whether the right claimed is so insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" Id. (quoting New York Dist. Attorney Investigators Police Benevolent Ass'n, Inc. v. Richards, 711 F.2d 8, 10 (2nd Cir. 1983)). The instant case does not present such a situation.

In their Motion to Dismiss, the Defendants argue that Plaintiff's claim is patently without merit because "any delay in processing of plaintiff's I-485 application is not the result of any inaction or unreasonableness on the part of defendants." See Defendants' Motion at 7. "In this case, the immigrant visa that was obtained by Plaintiff was based upon a labor certification issued by the Department of

Labor, the bases of which has been called into question, and which USCIS is now investigating." Id. "Only when that investigation is resolved . . . would the Court have jurisdiction under the APA to determine whether Defendants have unlawfully withheld or unreasonably delayed the adjudication of plaintiff's I-485 application." Id.  The Defendants' argument is not supported by the facts of this case, and is contrary to the case law that has developed in regard to the APA.

In the view of the Defendants, it appears that *any* delay would be acceptable, as long as it was cloaked under the auspices of an "investigation". However, the Defendants have failed to provide any explanation as to how the "bases" of the plaintiff's immigrant visa have been "called into question", other than to repeatedly make this vague assertion.  Rather than further illuminating the circumstances surrounding this "investigation", District Director Riordan's declaration makes the equally opaque assertion that "an issue has arisen" as to the plaintiff's work experience. While Director Riordan asserts that USCIS is attempting to "investigate" this question "through diplomatic channels", there is absolutely no explanation as to what has prompted USCIS to take this action.

Clearly, if the Defendants take the position that their delay in adjudicating this application is reasonable under the circumstances, they must provide some explanation as to *what these circumstances are*.  They cannot merely assert that they are "investigating" a case without any detail as to what has prompted the investigation. To hold otherwise would essentially eliminate any judicial review of delayed agency action – the government could assert that *any* case has been "called into question" and requires "investigation" before a decision can be rendered. The government would, effectively, have an "all-purpose" excuse to avoid review of *any* delay in adjudicating applications. This is clearly not what Congress intended when it enacted the APA to protect parties against capricious agency action (or inaction). "[C]ourts have uniformly concluded that 'when an agency's recalcitrance, inertia, laggard pace or inefficiency sorely disadvantages the class of beneficiaries Congress intended to protect, judicial review . . . is in order.'" Yu, 36 F.Supp.2d. at 929 (*quoting* In re Amer. Feder. Of Gov. Employees, AFL–CIO, 790 F.2d 116, 177) (D.C. Cir. 1986)).

Furthermore, the Defendants' arguments are fatally undermined by the circumstances of this case. The immigrant visa petition at issue in this proceeding was approved by

USCIS on October 10, 2001- almost 4 years ago. It is unclear what has suddenly caused USICS to "investigate" a petition that was approved in early 2001.  While the Defendants assert that "an issue has arisen" in regard to the petition, it is left unstated what this "issue" is, and when it "arose" to necessitate an investigation.

Additionally, Director Riordan's declaration reveals (tellingly) that USCIS *did not even begin* to undertake this investigation until August 9, 2005 – when the time to answer the present Complaint was approaching.[6] How reasonable is the Defendants' explanation that this application has been delayed by the need for an investigation, when the "investigation" in question was not even started until it was clear that litigation was in process? Despite the contention of the Defendants, the only conclusion that can be drawn is that this application has been delayed by the inaction and unreasonableness of the Defendants.

Moreover, the cases cited by the Defendants in support of their Motion fail to serve this purpose. The defendants rely on Danilov v. Aguirre, 370 F.Supp.2d 441 (E.D. Va. 2005), in support of their contention that the Court lacks subject matter jurisdiction in this proceeding. However,

---

[6] See attached letter, dated January 31, 2005, to Henry Hanley, District Counsel for USCIS Boston.

_Danilov_ is clearly distinguishable from the case at hand.

_Danilov_ involved an application for naturalization that was

unadjudicated for a lengthy period of time because of a

delay in completing a required Federal Bureau of

Investigation "background check". _Id._ at 442. This

"background check" _must_ be completed, pursuant to statute,

before any naturalization application can be approved. See

Public Law 105-119, Title I, Nov. 26, 1997,

111 Stat. 2448.[7] The _Danilov_ court held that jurisdiction

was not proper in that proceeding because the delay in

adjudicating the naturalization application was solely a

result of the delay in the FBI's completion of the

statutorily required background check. "[A]ny delay in the

processing of plaintiff's naturalization application was

not the result of any inaction or unreasonableness on the

part of governing agency; instead, it was the result of the

legal requirement that CIS [now USCIS] await receipt of the

FBI's completed criminal background investigation before

---

[7] The statute in question provides that:

> During fiscal year 1998 and each fiscal year thereafter, none of the funds
> appropriated or otherwise made available to the Immigration and Naturalization Service
> shall be used to complete adjudication of an application for naturalization unless the
> Immigration and Naturalization Service has received confirmation from the Federal
> Bureau of Investigation that a full criminal background check has been completed, except
> those exempted by regulation as off January 1, 1997. Public Law 105-119,
> Title I, Nov. 26, 1997, 111 Stat. 2448

acting on plaintiff's application." Danilov, 370 F.Supp.2d
at 444.

The Defendants' reliance on Danilov is misplaced.
Danilov clearly was decided based on a very specific
factual situation – USCIS was unable to decide the
naturalization application because they had not received
the results of an FBI criminal background investigation
that was mandated by Congress before adjudication. There is
no such factor in the instant case – all of the required
FBI criminal background checks in regard to plaintiff's
application have apparently been completed, and the
defendants are not bound by any Congressional mandate that
they perform any further investigation in regard to the
application. Furthermore, USCIS in Danilov was not
conducting their own investigation into the application –
they were awaiting routine criminal background checks from
the FBI. The Defendants in the instant case have complete
control over all activity in adjudication of this
application – any delay is solely their responsibility.
In conclusion, this court is clearly vested with subject
matter jurisdiction pursuant to the APA, 5 U.S.C. §551 et
seq., and the general federal question statute, 8 U.S.C.
§1331. To suggest otherwise would be to effectively permit
the government to escape any review of unreasonably delayed

agency actions. The Defendants' arguments in this regard simply do not withstand the weight of scrutiny.

**III.  The Defendants are Not Entitled to Summary Judgment**

In its last attempt to dismiss the case, the Plaintiff moves for Summary Judgment.  In a motion for summary judgment, the burden is upon the moving party to show that based upon the pleadings, discovery and affidavits "that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ. P. 56(c).  The court must view the entire record in light most hospitable to the non-moving party and indulge all reasonable inferences in the party's favor. O'Conner v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993).

The only submission the government makes in support of its argument is a self-serving "declaration" by one of the Defendants, Denis Riordan, USCIS, Boston District Director.  In his statement Director Riordan vaguely declares that that sometime subsequent to the October 10, 2001 visa petition approval, "an issue has arisen as to whether subject had the necessary work experience". He further states that on August 9, 2005[8], USCIS took steps to investigate the claim.  His statement, however, failed to

---

[8] It is disturbing that the investigation only appears to have been commenced when the Plaintiff informed him that it would seek mandamus relief in the matter.  See copy of the January 31, 2005 letter attached hereto.

articulate the date on which the issue arose, thereby making it impossible, at this time, to determine whether USCIS' delays in the present case are reasonable.  Given the fact that all reasonable inferences must be made in favor of the non-moving party, it is reasonable to infer that the issue arose in 2001.  If this is the case USCIS would be hard-pressed to say a four year delay in taking steps to investigate the "issue" of work experience is reasonable.[9]

Moreover, Dir. Riordan provides no explanation as to what "issue" arose.  To the extent that the Defendants argue that the delay is reasonable under the circumstances, the Plaintiff is entitled, through the discovery process, to ascertain exactly what the issue was and when it arose.

Because it is possible that the Plaintiff can demonstrate that the delay has in fact been unreasonable, Summary Judgment is inappropriate.[10]

---

[9] To the extent that the Government relied on <u>Bartolini v. Ashcroft</u>, 226 F.Supp.2d 350 (D.Conn.2002), the reliance is mistaken.  The decision in Bartolini was very fact specific.  It involved an applicant, whose own actions created an extremely complicated issue regarding the adjudication of this adjustment application.  It also appeared that once INS became aware of possible fraud it conducted an investigation within a reasonable time.  Under these circumstances, the court in <u>Bartolini</u> granted summary judgment in favor of the government.

[10] At best, the present case is not ripe for summary judgment.  The Plaintiff is entitled to seek information through the discovery requests, including, but not limited to, the deposition of Mr. Riordan, to ascertain the timing of the above-referenced events.

CONCLUSION

Based on the foregoing, the Defendants' Motion to Dismiss or in the alternative for Summary Judgment must be denied.

**REQUEST FOR ORAL ARGUMENT**

Respectfully submitted,

The Plaintiffs
Marcio Jacob
By his Attorneys

/s/Susan E. Zak
_____
Susan E. Zak
BBO 568044
LAW OFFICE OF JOHN K.
DVORAK
P.O. Box 8788
Boston, MA 02114

## CERTIFICATE OF SERVICE

I,  Susan E. Zak , Attorney for the Plaintiffs hereby certify that on  August 23, 2005 I served a copy of the Plaintiffs' Opposition to Defendant's Motion to Dismiss, or, in the Alternative Summary Judgment via first-class mail  to:

U.S. Attorney General Office
United States Federal Court
1 Courthouse Way
Suite 9200
Boston, MA 02210

                                        /s/ Susan E. Zak 8/23/05
                                        _____
                                        Susan E. Zak, Esq.
                                        LAW OFFICE OF JOHN K. DVORAK,.
                                        P.O. Box 8788
                                        180 Canal Street, 4th Floor
                                        Boston, MA 02114

# LAW OFFICES OF JOHN K. DVORAK, P.C.

**ATTORNEY-AT-LAW**

**180 Canal** Street, 4thFloor, **P.O. Box 8788** .BOSTON,MA02114 .(617) **723-4422** .FAX (617) **723-8305**

**John K. Dvorak**
**Christopher W. Drinan**
**Susan E. Zak**

**January** 31,2005

<u>VIA HAND-DELIVERY</u>

Henry J. Hanley, District Counsel
U.S. Citizenship and Immigration Services JFK
Federal Building, Room 425
Boston, MA

RE: Draft Cornplaint for Mandamus
      Luciano A. **De** Souza"" A95-367-
      226

Dear Attorney Hanley:

Please fmd enclosed a copy of a draft complaint we intend to fIle with the United States District Court on Wednesday, February 16,2005 unless the above-referenced alien 1-485 Application is adjudicated.

Mr. De Souza's application has been pending since December 2001. He was interviewed on August 6, 2003 by Officer Swanson. At the conclusion of the interview, Officer Swanson stated that once she obtained a visa number she would send out an approval letter. To date, however, we have received no decision on this matter .

We have sent repeated requests to USCIS to adjudicate this matter (see <u>Exhibit B</u> of the Complaint) but have received no response. Accordingly, we are left with no alternative than to fIle the enclosed complaint, which will seek attorney's fees and costs pursuant to the Equal Justice Act, if we do not hear from you by Wednesday, February 16,2005.

1

If you would like to discuss this matter further, please contact me at (617) 723-7766 or szak@johnkdvorak.com.

Thank you for your attention in this matter.

Very **truly yours,**

Susan E. Zak

**Enclosure**
**5hanley- mandamus**